24CA1907 Peo v Love 01-15-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1907
El Paso County District Court No. 21CR1789
Honorable David Prince, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ceazar Cedrick Love,

Defendant-Appellant.

APPEAL DISMISSED

Division VII
Opinion by JUSTICE MARTINEZ*
Pawar and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Kinniry Law Office, Janet Kinniry, Gardner, Colorado, for Defendant-Appellant

¶ 1    Defendant, Caezar Cedrick Love, raises claims related to the validity of his guilty plea and the district court's order granting presentence confinement credit (PSCC).  We dismiss the appeal.

## I.    Background

¶ 2    Following a shooting, Love was charged with multiple criminal offenses, including first degree murder, as well as four habitual criminal counts and two crime of violence sentence enhancers.

¶ 3    Love pleaded guilty to second degree murder and stipulated to a twenty-five-year prison sentence in exchange for dismissal of the remaining counts.  The plea agreement noted that Love was on parole for two other felonies at the time of the commission of the offenses here and that his sentence would be "consecutive/concurrent" with his parole revocation cases.  The district court sentenced Love in accordance with the plea agreement and ordered that his twenty-five-year sentence be served consecutively to his parole revocation cases.  The court agreed to reserve the matter of PSCC.

¶ 4    Thereafter, Love requested 1,135 days of PSCC, from the date he was notified (while serving a sentence in Louisiana) that charges had been filed until the date he was sentenced.  In his motion, he

1

noted that while the district court ordered that he serve the sentence consecutive to his parole cases, "at the time of sentencing, [he] was no longer serving a sentence on either of [those cases]." The People requested that the court award thirty-four days of PSCC, from the date Love completed his parole sentences until the date he was sentenced. The district court agreed with the People and awarded thirty-four days of PSCC.

## II. Discussion

¶ 5 Love asserts that his plea was unlawfully induced by the provision of the plea agreement that allowed the district court the option to sentence "consecutive/concurrent" with his parole revocation cases because section 18-1.3-405, C.R.S. 2025, "does not permit" a concurrent sentence in these circumstances. But Love declares that this issue is "moot" because the district court did not rely on this section, and Love then abandons the argument. Because Love declares that his claim is moot and abandons it, we will not address it.

¶ 6 Love's statement of the issue in his opening brief questions whether the district court erred by awarding PSCC because it awarded credit "solely to his parole revocation sentence[s]."

However, he does not provide any argument in support of this stated issue and later concedes in the conclusion section of his opening brief that the court "lawfully applied presentence confinement credits." Because Love presents no argument or analysis regarding whether the court erred in how much PSCC it awarded, we do not address this issue. *See People v. Liggett*, 2021 COA 51, ¶ 53 (acknowledging that appellate courts do not address undeveloped arguments); *see also People v. Diefenderfer*, 784 P.2d 741, 752 (Colo. 1989) ("It is the duty of counsel for appealing parties to inform a reviewing court both as to the specific errors relied upon and as to the grounds, supporting facts and authorities therefor.").

## III. Disposition

¶ 7    The appeal is dismissed.

JUDGE Pawar and JUDGE Gomez concur.